UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMINA ELZENEINY,

   Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 09–889 (CKK)

MEMORANDUM OPINION
(March 29, 2010)

Plaintiff Amina Elzeneiny, a budget analyst for the District of Columbia, brings this action alleging that her employer unlawfully discriminated against her on the basis of her disability and failed to provide her with reasonable accommodations. In her Complaint, Elzeneiny asserts claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.* ("DCHRA") and names as defendants the District of Columbia, the D.C. Office of the Chief Financial Officer (the "OCFO"), and Natwar M. Gandhi[1] in his official capacity as the Chief Financial Officer of the District of Columbia. Defendants have filed a Motion for Partial Dismissal seeking to dismiss all claims against Gandhi and the OCFO and seeking to dismiss the Title VII and DCHRA claims against the District of Columbia. Plaintiff does not oppose dismissal of the OCFO and Gandhi as defendants. Accordingly, the Court shall dismiss the OCFO and Gandhi as defendants in this action, leaving the District of Columbia as the sole

---

[1] The parties have misspelled Mr. Ghandi's first name as "Natwan."

defendant. However, Plaintiff does oppose dismissal of her Title VII and DCHRA claims against the District of Columbia. For the reasons explained below, the Court shall GRANT-IN-PART and DENY-IN-PART Defendants' [6] Partial Motion to Dismiss. The Court shall dismiss Plaintiff's Title VII claim and dismiss Plaintiff's DCHRA claim insofar as Plaintiff seeks unliquidated damages, in this case compensatory damages for pain and suffering and punitive damages.

## I. BACKGROUND

The following facts are drawn from the Complaint. Plaintiff Amina Elzeneiny is a budget analyst with the D.C. Office of Budget and Planning within the OCFO. Compl. ¶ 3. Elzeneiny has fibromyalgia, a physical impairment that causes her severe muscle and joint pain and, at time, severe fatigue. *Id.* ¶¶ 4-5. In January 2003, Elzeneiny informed her branch chief about her disability. *Id.* ¶ 7. She also provided her employer with a letter from her physicians describing her disability. *Id.* Between January 2003 and December 2004, Elzeneiny requested that she be provided with reasonable accommodations such as an ergonomic chair, the use of flexible time, telecommuting, filing cabinets, a laptop, handicap access, a desktop printer, and permission to stay in her cubicle, which she had arranged in a way to minimize aggravation of her disability. *Id.* Defendant failed to provide her these accommodations or did so only after a lengthy and protracted battle. *Id.* ¶ 8. In responding to Elzeneiny's requests, Defendants subjected her to a hostile work environment and retaliated against her and were not discreet about her disability. *Id.* ¶¶ 9-10. In addition, Defendants attempted to communicate directly with Elzeneiny's doctor without her permission. *Id.* ¶ 11.

Elzeneiny claims that Defendants made negative comments about her disability and her

work performance openly in the workplace and made baseless accusations of wrongdoing against her. Compl. ¶¶ 12-13. Elzeneiny complained about the harassment and retaliation to no avail. *Id.* ¶ 14. Elzeneiny contends that because of her disability and the retaliation, Defendants failed to promote her and give her proper job performance evaluations. *Id.* ¶ 15.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also*

*Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950.

### III. DISCUSSION

In Count I of her Complaint, Elzeneiny claims that Defendants have violated the ADA and Title VII by intentionally discriminating against her because of her disability, failing to make reasonable accommodations, creating a hostile work environment, and retaliating against her. *See* Compl. ¶ 17. In Count II of her Complaint, Elzeneiny claims that this conduct also constitutes a violation of the DCHRA. *See id.* ¶ 23. Elzenieny seeks relief in the form of the full salary she is entitled to, back pay, lost retirement benefits, compensatory damages for pain and suffering, punitive damages, and an award of attorneys' fees and costs. *See id.* ¶¶ 21, 25. Defendant District of Columbia moves to dismiss the Title VII claim in Count I on the ground that Elzenieny has failed to plead a violation of Title VII and to dismiss the DCHRA claim in Count II on the ground that Elzenieny has not provided statutorily mandated notice of her claim.

A.  *Title VII Claim*

In her Complaint, Elzenieny purports to state a claim under Title VII for discrimination, retaliation, and hostile work environment on the basis of her disability. Defendant argues that disability discrimination is not cognizable under Title VII, which protects against discrimination

4

only on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-16(a). Elzeneiny acknowledges that Title VII does not protect disability discrimination and that her claims arise under the ADA. *See* Pl.'s Opp'n at 3. She argues, though, that her Title VII claim should not be dismissed because the ADA incorporates the remedial provisions of Title VII. *See* 42 U.S.C. § 12117 ("The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability in violation of any provision of this chapter . . . concerning employment.") However, the fact that the ADA incorporates the same remedies as Title VII does not convert Elzeneiny's ADA claim into a claim under Title VII. Therefore, the Court shall dismiss Elzeneiny's Title VII claim from the Complaint. Elzeneiny shall be permitted to pursue any and all remedies authorized under the ADA, including those also available under Title VII.

### B. DCHRA Claim

Defendant District of Columbia argues that Elzeneiny's claim under the D.C. Human Rights Act must be dismissed because Elzeneiny failed to provide notice of her claim to the District pursuant to D.C. Code § 12-309 for unliquidated damages. That statute provides in pertinent part that:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309. Elzeneiny does not dispute that she did not provide the required notice or that the statute applies to claims under the DCHRA. Rather, she argues that her claims under the

5

DCHRA are for liquidated damages and attorneys' fees and costs that are not barred by § 12-309. *See* Pl.'s Opp'n at 1-3. Thus, the Court must determine the extent to which Elzenieny is claiming damages that may qualify as "liquidated."

The D.C. courts have explained that "[a] debt is liquidated if 'at the time it arose, it was an easily ascertainable sum certain.'" *District of Columbia v. Campbell*, 580 A.2d 1295, 1300 (D.C. 1990) (quoting *Hartford Accident & Indem. Co. v. District of Columbia*, 441 A.2d 969, 974 (D.C. 1982)). Claims such as back pay are easily ascertainable and thus qualify as liquidated damages. *See Chisholm v. District of Columbia*, 533 F. Supp. 2d 175, 179 (D.D.C. 2008); *Beeton v. District of Columbia*, 779 A.2d 918, 925 (D.C. 2001) (affirming award of back pay and benefits to plaintiff despite noncompliance with § 12-309). Moreover, back pay awards in employment discrimination cases are generally considered a form of equitable relief, and equitable relief is not barred by § 12-309. *Caudle v. District of Columbia*, No. 08-205, 2008 WL 3523153, at *2 (D.D.C. Aug. 13, 2008). To the extent Elzenieny is seeking other forms of equitable relief such as reinstatement or promotion, her claims are not barred by her failure to comply with § 12-309. In addition, attorneys' fees are not generally considered damages at all under District of Columbia law and thus are not encompassed by the phrase "unliquidated damages" in § 12-309. *Id.* at *3.

However, Elzenieny indicates in her Complaint that she is seeking compensatory and punitive damages against the District of Columbia. She states that her compensatory damages amount to $300,000 for "pain and suffering." *See* Compl. ¶¶ 25. These damages were not easily ascertainable at the time they arose and therefore qualify as unliquidated damages under § 12-309. Elzeneiny does not argue to the contrary in her opposition brief. *See* Pl.'s Opp'n at 2-3

(arguing only that her claims for back pay, full salary, lost retirement benefits, and attorneys' fees are not subject to § 12-309). Therefore, the Court shall dismiss Elzenieny's DCHRA claim insofar as it seeks unliquidated damages such as compensatory and punitive damages.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT-IN-PART and DENY-IN-PART Defendants' [6] Motion for Partial Dismissal. The Court shall dismiss all claims against Defendants D.C. Office of the Chief Financial Officer and Natwar M. Gandhi, dismiss Plaintiff's Title VII claim, and dismiss Plaintiff's DCHRA claim insofar as it seeks to recover unliquidated damages. The Court shall hold an initial scheduling conference with the parties to set a schedule for proceeding with discovery. An appropriate Order accompanies this Memorandum Opinion.

Date: March 29, 2010

                                                            /s/
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge